IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. GOLDBERG )<br>6205 Adelaide Drive )<br>Bethesda, MD 20817 )<br>   ) Case No.<br>           Plaintiff, )<br>     vs. )<br>   )<br>AMERICAN MULTI-CINEMA, INC. )<br>1350 19TH Street, N.W. )<br>Washington, D.C. 20036 )<br>   )<br>     -and- )<br>   )<br>ZOE McKENZIE, Individually )<br>   )<br>           Defendants. ) | |

## COMPLAINT

Plaintiff Jonathan C. Goldberg (hereinafter referred to as "Plaintiff" or "Goldberg"), by and through his undersigned counsel, brings this action for injunctive relief and damages and to secure protection of and to redress the deprivation of rights secured by pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§2000e et seq. ("Title VII"), 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Section 1981") and the District of Columbia Human Rights Act of 1977, as amended September 2002 (D.C. Code, Title 2, Chapter 14 ("DCHRA"), and for his Complaint states as follows:

### Parties

1.       Plaintiff is a 30 year-old Caucasian male, residing at 6205 Adelaide Drive, Bethesda, Maryland 20817.

2.  Plaintiff was employed by Defendant American Multi-Cinema, Inc. (hereinafter referred to as "Defendant" or "AMC") as a Projectionist at their AMC Dupont Theater in Washington, D.C., located at 1350 19th Street, N.W., from July 5, 2006 through January 13, 2008. By virtue of his employment with Defendant, Plaintiff was at all relevant times an "employee" within the meaning of Title VII and the DCHRA. Plaintiff was a diligent, hardworking, and trustworthy employee from the inception of his employment at AMC through the termination of his employment with Defendant. Defendant maintains its corporate headquarters at 920 Main Street, Kansas City, Missouri 64105.

3.  Defendant, Zoe McKenzie (hereinafter referred to as "Defendant" or "McKenzie") is an individual whose current address is unknown.

4.  Defendant AMC does business in the District of Columbia by virtue of its ownership and operation of the AMC Dupont Theater located at 1350 19th Street, N.W., Washington, D.C., 20036. Defendant is, and was at all relevant times, an "employer" within the meaning of Title VII and the DCHRA. Defendant is, and was at all relevant times, engaged in an industry affecting commerce and had fifteen or more employees for each working day in all calendar years since at least 2000.

**Administrative Prerequisites**

5.  On or about January 23, 2007, Plaintiff filed a Complaint with the District of Columbia Office of Human Rights ("DCOHR") alleging unlawful discrimination based on his race, and sex.

6.  On or about January 23, 2007, Plaintiff filed a charge of discrimination with DCOHR, which was dual-filed with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination based upon his race, sex and retaliation.

2

7. On or about January 3, 2008, Plaintiff requested the issuance of a Right to Sue Letter from the EEOC.

8. On or about March 17, 2008, the EEOC issued to Plaintiff a Notice of Right to Sue Letter. (Attachment "A")

9. Plaintiff has fully satisfied all required conditions precedent to this action.

## Jurisdiction and Venue

10. This Court has jurisdiction over Plaintiff's federal claims in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3), inasmuch as this is the judicial district in which: (1) the unlawful employment practices herein described are alleged to have been committed; (2) the employment records relevant to such practices are maintained and administered; (3) the Plaintiff would have worked but for the employment practices of Defendant; and (4) the Defendant has offices.  This Court has supplemental jurisdiction over Plaintiff's state law claims, including those brought under the DCHRA pursuant to 28 U.S.C. § 1367(a) and § 2-1403.16 of the District of Columbia Code, inasmuch as the state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), inasmuch as (a) a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this District, (b) Defendant may be found in this District, and (c) Defendant is subject to personal jurisdiction in this District.

**General Allegations**

12.     Defendant has engaged in a pattern and practice of acts that have discriminated against Plaintiff in his employment on account of his race and sex. Defendant has also applied several of its policies against Plaintiff in a disparate manner based upon his race and sex. As a result, Defendant's policies and practices have resulted in the disparate treatment of Plaintiff, but also impacted other male employees in general.

13.     Commencing in August 2006, Plaintiff was forced to endure a systematic pattern of harassment and discrimination by Defendant, Zoe McKenzie, an African American female, who was the Manager of the AMC Dupont Theater, as well as Plaintiff's direct supervisor. McKenzie started making lewd and lascivious comments of a sexual nature which were directed at Plaintiff. This sexual harassment by McKenzie created a hostile work environment for Plaintiff.

14.     On or about August 10, 2006, Plaintiff was in the projectionist's booth at the AMC Dupont Theater preparing a film for a quality control screening, as per AMC company policy. Plaintiff informed McKenzie that he was ready to screen the film, and was told by her that she wanted to view the screening with him. Approximately 10 minutes into the theater screening, McKenzie ordered Plaintiff to stop the film projector and accompany her for cocktails at a bar located directly across the street from the AMC Dupont Theater. Plaintiff reluctantly followed McKenzie's order and accompanied her to the bar. Upon entering the bar, McKenzie ordered drinks and appetizers for her and Plaintiff and proceeded to make lewd comments and verbal sexual advances toward Plaintiff. Plaintiff rebuffed McKenzie's initial advances and she persisted in trying to proposition him to perform fellatio on him.

15. On and about August 10, 2006, Plaintiff left the bar with Defendant and returned to the AMC Dupont Theater to finish the quality control screening of the film. Plaintiff proceeded to start the movie projector and sat by himself in the empty theater to view the film with the house lights turned on illuminating the entire area. Shortly thereafter, McKenzie entered the theater, turned the house lights off, sat in a seat right next to Plaintiff, and ordered, "You have to sit next to me." Suddenly and without warning, McKenzie grabbed and starting rubbing Plaintiff's crotch and ordered him to let her perform fellatio on him and to kiss her. McKenzie, an obese woman who significantly outweighs Plaintiff, leaned her body onto Plaintiff as he was trying to escape and starting making moaning noises as she aggressively groped his crotch and thigh area repeatedly. Plaintiff continued to struggle to get away from McKenzie, finally managed to stand up, and yelled that he had enough and could not work under these harassing working conditions. Plaintiff then left the theater in a shocked and traumatic state and was extremely upset, embarrassed, humiliated, and bewildered. Immediately thereafter, Plaintiff avoided any direct contact with McKenzie, and tolerated her constant discriminatory behavior for fear of losing his job.

16. On or about August 12, 2006, McKenzie gave Plaintiff a wrist watch as a present—the watch still having the in-store theft sensor affixed to it. McKenzie was also observed by Plaintiff and other AMC employees removing a theft sensor on a blouse she had in her possession while in her office. McKenzie then stated to Plaintiff that, "I can suck like a Hoover," referring to her adroitness at performing fellatio. The following day, McKenzie called Plaintiff into her office and with a stern expression on her face asked him, "We cool?". Plaintiff interpreted this as a warning from McKenzie not to report to anybody anything about her harassing treatment of him and to accept her management style. Plaintiff, fearing any

5

adverse retaliatory treatment from McKenzie, tolerated this, since he was worried about being terminated and needed his job.

17. On or about September 1, 2006, McKenzie called Plaintiff into her office, blocked him into a corner, and asked him for a hug. Plaintiff managed to escape. Later that week, McKenzie approached Plaintiff at the theater and told him that on the previous evening she had wanted to call him to see a movie, and inquired whether he would have wanted to go with her. McKenzie also stated to Plaintiff that, "I'm giving you a mental hug." Once again, Plaintiff reluctantly tolerated this sexually harassing behavior by McKenzie and hostile work environment created by her in exchange for retaining his position at the AMC Dupont Theater.

18. Defendant AMC, through McKenzie, created a hostile work environment for other AMC employees as well.

19. Defendant AMC discriminated against Plaintiff after he filed a formal complaint with their corporate offices by immediately and falsely accusing him of dating McKenzie and initiating contact with her. Defendant AMC's actions exacerbated an already unbearable situation and further created a more hostile work environment for Plaintiff to endure.

20. On or about January 13, 2008, the AMC Dupont Theater closed its doors ceasing operations and Defendant AMC was unwilling to send Plaintiff to work at the AMC Rio 18 Theater in Gaithersburg, Maryland, despite him being assigned to work there by his Union, Local #224 of the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada. Given these circumstances, Plaintiff's employment was terminated by Defendant AMC.

6

### Count I – Sexual Harassment and Unlawful Discrimination in Violation of Title VII – Against AMC and McKenzie

21.     The averments of paragraphs 1 through 20 are incorporated herein by reference.

22.     Defendant engaged in sexual harassment toward Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended.

23.     Defendant intentionally discriminated against Plantiff by terminating his employment on the basis of his race and sex, and in retaliation for complaining about McKenzie's sexual harassment of him.  Other employees outside of Plaintiff's protected classifications were not terminated for following Defendant's corporate policies.

24.     Due to its actions noted above, Defendant has intentionally applied its corporate policies, specifically Section F-20, Discrimination and Harassment, and F-25, the Anti-Harassment Policy, respectively, of its Manager's Handbook, to Plaintiff in a disparate manner based upon Plaintiff's race and sex and in retaliation for reporting McKenzie's sexual harassment of him.  In the past, Defendant has followed the aforementioned personnel policies with respect to other non-Caucasian male employees, and female employees, who have reported similar incidents of sexual harassment, misconduct, or serious infractions.  Defendant has allowed these other employees to continue to work after reporting such serious policy violations, including non-Caucasian male employees and female employees who report the committing of such violations by fellow employees.

25.     The actions of Defendant noted above are part of an overall environment in the workplace of disparate treatment of employees. McKenzie's creation of a hostile work environment for Plaintiff and other employees, while known by Defendant was never promptly investigated or addressed. McKenzie was never verbally counseled and/or disciplined for her actions by AMC, but instead was promoted and relocated to another AMC theater.

7

26. Defendants intentionally discriminated against Plaintiff with respect to the terms and conditions of his employment, including but not limited to, compensation, harassment, the creation of a hostile work environment, and termination, based on his race and sex in violation of 42 U.S.C. § 2000e *et seq.*, as amended.

27. Defendants' conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

28. Defendant's policies have resulted in the disparate treatment of Plaintiff.

29. Defendant's policies and procedures have also had a disparate impact on Plaintiff. Such procedures are not valid, job-related, or justified by business necessity. There are practices and procedures available to Defendant which would not have a disparate impact on Plaintiff and those similarly-situated, and which would have equal or greater validity and job relatedness, but Defendant has refused to consider or use such procedures.

30. As a direct and proximate result of said intentional acts, Plaintiff has suffered loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff back pay, front pay prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count II  Unlawful Retaliation in Violation of Title VII – Against Both AMC and McKenzie

31. The averments of paragraphs 1 through 30 are incorporated herein by reference.

32. In compliance with AMC's Manager Handbook, Plaintiff filed a formal complaint against McKenzie. AMC's handbook, as written in Section F-25, clearly states, "AMC will promptly undertake an investigation of the harassment allegations and attempt to resolve the situation as confidentially as possible." Additionally, AMC 's handbook, as written in Section F-20, clearly states, "AMC will not retaliate against you for raising any concerns regarding any discrimination or harassment and will not tolerate or permit any form of retaliation against you by management or co-workers." In direct contravention of its own corporate policies, Defendant not only failed to promptly and adequately investigate Plaintiff's complaints of the discrimination and sexual harassment McKenzie subjected him to, but retaliated against Plaintiff for reporting the very discrimination and harassment it espouses to protect its employees from.

33. On or about January 13, 2008, Plaintiff was terminated by Defendant in retaliation for filing his complaint against McKenzie. Defendant summarily terminated Plaintiff with utter disregard to its own internal policies and Plaintiff's livelihood, professional reputation, and sensitivities.  McKenzie was never disciplined or subject to any adverse action as a result of her discriminatory treatment and harassment of Plaintiff, despite such actions being a violation of Defendant's policy prohibitions against discrimination or harassment.

Defendant's Anti- Harassment Policy unambiguously states, "Any associate found by AMC to have engaged in harassment will be subject to disciplinary action, up to and including termination."

34. Defendant's actions described herein constitute a violation of the anti-retaliation provisions of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff back pay, front pay prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count III –Violation of 42 U.S.C. § 1981 – Against Both AMC and McKenzie

35. Plaintiff incorporates and realleges paragraphs 1 through 34 of the Complaint as fully set forth herein.

36. By virtue of Defendants' actions, Plaintiff was subjected to intentional discrimination and denied the benefits and privileges of employment solely because of his race, and sex in violation of 42 U.S.C. § 1981.

37. As a direct and proximate result of said intentional acts, Plaintiff has suffered loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c) awarding Plaintiff compensatory and punitive damages in an amount no less than $500,000.00;

(d) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## Count IV – Discrimination Under the DCHRA – Against Both AMC and McKenzie

38. The averments of paragraphs 1 through 37 are incorporated herein by reference.

39. By virtue of Defendants' intentional actions, Plaintiff was discharged or otherwise discriminated against with respect to his compensation, terms, conditions and/or privileges of employment on the basis of his race and sex in violation of § 2-1402.11(a)(1) and (b) of Subchapter II of the DCHRA (Title 2, Chapter 14 of the District of Columbia Code).

40. As a direct and proximate result of said intentional acts, Plaintiff has suffered loss of employment, loss of income, loss of other employment benefits, and has suffered and

continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

41. Defendants' employment practices and hostile work environment noted above have had a disparate impact on Caucasian male applicants and employees, non-Caucasian male applicants and employees, and current and/or former employees.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count V – Unlawful Retaliation Under DCHRA – Against Both AMC and McKenzie

42. The averments of paragraphs 1 through 41 are incorporated herein by reference.

43. The Defendants' actions as described herein constitute impermissible retaliation for reporting a violation of the DCHRA.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count VI – Assault and Battery – Against McKenzie

44. The averments of paragraphs 1 through 43 are incorporated herein by reference.

45. Defendant's course of mental and physical abuse, offensive, inappropriate touching and sexual harassment, as set forth above, was intentional, willful, deliberate, malicious, and committed with the intent to harm Plaintiff.

46. As a direct and proximate cause of Defendant's assault and battery, Plaintiff sustained mental and emotional trauma, all of which are or may be permanent in nature.

47. As a direct and proximate cause of Defendant's intentional acts, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, humiliation, embarrassment, and loss of the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct;

(b) awarding Plaintiff compensatory and punitive damages in an amount no less than $100,000.00; and

13

(c) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count VII - False Imprisonment – Against McKenzie

48. The averments of paragraphs 1 through 47 are incorporated herein by reference.

49. Defendant's restraint of Plaintiff's freedom in the theater and in her office and subsequent assertion of authority in detaining Plaintiff, as set forth above, was intentional, willful, wanton, deliberate, and malicious and committed with the intent to harm and humiliate Plaintiff.

50. As a direct and proximate cause of Defendant's false imprisonment, Plaintiff sustained mental and emotional trauma, all of which are or may be permanent in nature.

51. As a direct and proximate cause of Defendant's intentional acts, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, humiliation, embarrassment, and loss of the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct;

(b) awarding Plaintiff compensatory and punitive damages in an amount no less than $100,000.00; and

(c) ordering any other legal and equitable relief this Court deems to be just and appropriate.

**Count VIII – Intentional Infliction of Emotional Distress – Against AMC and McKenzie**

52. The averments of paragraphs 1 through 51 are incorporated herein by reference.

53 Defendants' course of mental and physical abuse that it imposed on Plaintiff, as set forth above, constitutes extreme and outrageous conduct that caused him severe emotional distress and mental anguish.

54. As a direct and proximate cause of Defendants' intentional infliction of emotional distress, Plaintiff sustained extreme and severe shock, trauma, and emotional distress, all of which are or may be permanent in nature.

55. As a direct and proximate cause of said intentional acts, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, humiliation, embarrassment, and loss of the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff compensatory and punitive damages in an amount no less than $100,000.00; and

(c) ordering any other legal and equitable relief this Court deems to be just and appropriate.

**Count IX – Negligent Infliction of Emotional Distress – Against AMC and McKenzie**

56. The averments of paragraphs 1 through 55 are incorporated herein by reference.

57. Defendants' negligent and reckless course of abusive conduct towards Plaintiff caused him severe emotional distress.

58. As a direct and proximate cause of Defendants' negligent infliction of emotional distress, Plaintiff sustained extreme and severe shock and injury to his nerves, and other severe and serious injuries, all of which are or may be permanent in nature.

59. As a direct and proximate cause of said negligent acts, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, humiliation, embarrassment, and loss of the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendants:

(a) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

(b) awarding Plaintiff compensatory and punitive damages in an amount no less than $100,000.00; and

(c) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Count X – Negligent Retention of Supervisor or Manager – Against AMC

60. The averments of paragraphs 1 through 59 are incorporated herein by reference.

61. Defendant's negligent and reckless retention of McKenzie resulted in the abusive, discriminatory, and sexually harassing conduct towards Plaintiff which caused him extreme and severe emotional distress.

62. As a direct and proximate cause of Defendant's negligent retention, Plaintiff sustained extreme and severe shock and injury to his nerves, and other severe and serious injuries, all of which are or may be permanent in nature.

63. As a direct and proximate cause of said negligent acts, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, humiliation, embarrassment, and loss of the enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct;

(b) awarding Plaintiff compensatory and punitive damages in an amount no less than $100,000.00; and

(c) ordering any other legal and equitable relief this Court deems to be just and appropriate.

### Jury Demand

Plaintiff demands a trial by jury.

Dated:  June 13, 2008                    Respectfully submitted,

//s//

_____
Howard N. Berliner (D.C. # 451314)
BERLINER LAW FIRM, PLLC
815 Connecticut Avenue, N.W.
Suite 220
Washington, D.C. 20006
(202) 429-0399
berlinerfirm@comcast.net

**Attorney for Plaintiff**

17

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jonathan C. Goldberg

## DEFENDANTS
American Multi-Cinema, Inc. and Zoe McKenzie, Individually

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __11001__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Howard N. Berliner
BERLINER LAW FIRM, PLLC
815 Connecticut Avenue, N.W., Suite 220
Washington, D.C. 20006
(202) 429-0399

Case: 1:08-cv-01007
Assigned To : Kennedy, Henry H.
Assign. Date : 6/13/2008
Description: Employ. Discrim

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- (X) 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. Antitrust
- 410 Antitrust

### B. Personal Injury/Malpractice
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

### C. Administrative Agency Review
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. General Civil (Other) OR   F. Pro Se General Civil

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C.§§2000e et seq.,42 U.S.C. § 1981.This is a cause of action based upon sexual harassment and race/gender based employment discrimination

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000.+    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  June 13, 2008    SIGNATURE OF ATTORNEY OF RECORD  [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.